UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
CIVIL ACTION NO: 4:19-CV-976

DARRIN BUCHTA                                                                                       PLAINTIFFS,
on behalf of himself and all others similarly situated,

v.

AIR EVAC EMS, INC. D/B/A AIR EVAC LIFETEAM                              DEFENDANT.
**SERVE:** CSC - Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, Missouri 65101

## COMPLAINT

Plaintiff, Darrin Buchta ("Buchta"), on behalf of himself and all others similarly situated, states the following Complaint against Defendant Air Evac EMS, Inc. doing business as Air Evac Lifeteam ("AEL"):

### JURISIDICTION AND VENUE

1. This action arises under Indiana Code § 22-2-2-4; Illinois Compiled Statute § 105/4a; West Virginia Code § 21-5C-3; and other relevant similar state overtime laws, which provides certain protections to employees to, *inter alia,* ensure proper payment of wages and compensation.

2. Plaintiff Buchta is a resident of the State of Missouri, residing in St. Louis, Missouri.

3. Defendant AEL is a Missouri corporation duly authorized to conduct business within the State of Missouri with its principal office in Saint Charles County, Missouri. Defendant AEL is duly authorized to conduct business in many other states, including Indiana, Illinois, and West Virginia.

4. During relevant times herein, the plaintiffs and others were employed by Defendant within various states, including Indiana, Illinois, and West Virginia.

5. Pursuant to relevant state laws, Defendant AEL was subject to the respective states' wage and hour laws.

6. The amount in controversy is well in excess of five million dollars ($5,000,000).

7. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), venue is appropriate in this forum. 28 U.S.C. § 1332(d)(2).

## BACKGROUND FACTS
## RELEVANT TO ALL COUNTS

8. This is a representative action brought by Buchta on behalf of himself and other similarly situated employees who are or were employed by AEL as non-exempt employees including, but not limited to, flight paramedics, flight nurses, pilots, and mechanics who performed work in either Indiana, Illinois, and/or West Virginia.

9. Buchta and other similarly situated employees employed by AEL were not properly compensated for overtime hours worked in violation of relevant laws including Indiana Code § 22-2-2-4(k); Illinois Compiled Statute § 105/4a; and, West Virginia Code, § 21-5C-3.

10. Buchta is currently employed by AEL as a non-exempt employee and has performed work in Indiana and Illinois.

11. AEL employs non-exempt employees, to include flight paramedics, flight nurses, pilots, and mechanics at each of their locations.

12. Buchta and other non-exempt employees, including flight paramedics, flight nurses, pilots, and mechanics are required to routinely work more than forty (40) hours per week for AEL.

13. Buchta and other non-exempt employees, including flight paramedics, flight nurses, pilots, and mechanics were not compensated at one-and one-half times their regular rate for all hours worked over forty (40) in a week.

14. Instead, AEL initially utilized a policy which stated that employees would only be provided overtime premium pay for any hours worked in excess of one hundred twenty (120) per two (2) week pay period.

15. In 2014, AEL modified the policy to state, in relevant part, "this position is considered non-exempt, which means that you will be eligible for shift pay for worked hours in excess of 7 [twelve-hour] shifts per given pay period."

16. Buchta and others similarly situated were required to work in excess of forty (40) hours per week, but were not provided overtime premium pay.

17. Compensation for work performed by Buchta and other employees including flight paramedics, flight nurses, pilots, and mechanics employed by AEL is subject to the provisions of laws including Indiana Code § 22-2-2-4(k); Illinois Compiled Statute § 105/4a; and West Virginia Code, § 21-5C-3.

18. On or about July 8, 2018, AEL changed its pay practices to align with the requirements of laws including Indiana Code § 22-2-2-4(k); Illinois Compiled Statute § 105/4a; and West Virginia Code, § 21-5C-3.  Compliance with state overtime laws did not impact AEL's rates, routes, or services.

19. Despite AEL's clear acknowledgement that its past practice violated state overtime laws, the company failed to compensate or otherwise provide back-pay owed to its current and former employees.

## REPRESENTATIVE ACTION ALLEGATIONS

20. Buchta brings this action as a representative action on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by AEL as follows:

    a. Employees who performed work in Illinois between April 24, 2014 through July 8, 2018; and,

    b. Employees who performed work in Indiana or West Virginia between April 24, 2017 through July 8, 2018.

21. Buchta and all members of the putative class were subjected to the same unlawful pay practices, specifically the denial of overtime pay for work over forty (40) hours per week.

22. Buchta believes that there are at least five hundred (500) members of the putative class throughout Indiana, Illinois, and West Virginia.

23. The putative class claims have a common legal interpretation and factual basis which can be resolved in a single class action. Specifically, the common questions are: (1) Was AEL required to pay overtime in accordance with laws including Indiana, Illinois, and West Virginia state wage and hour laws, and (2) Did AEL properly pay overtime in accordance with laws including Indiana Code § 22-2-2-4(k); Illinois Compiled Statute § 105/4a; and West Virginia Code, § 21-5C-3?

## COUNT ONE:
## VIOLATIONS OF STATE WAGE & HOUR LAWS

24. Buchta adopts by reference all preceding and subsequent averments as fully restated herein.

25. Laws including Indiana Code § 22-2-2-4(k); 820 Illinois Compiled Statute § 105/4a; and West Virginia Code, § 21-5C-3, substantially set forth state wage and hours laws intended to protect employees and ensure that they are justly compensated.

26. Pursuant to laws including Indiana Code § 22-2-2-4(k); 820 Illinois Compiled Statute § 105/4a; and West Virginia Code § 21-5C-3, AEL was required to provide compensation at one-and-one-half times their regular rate for all hours worked over forty (40) in a week.

27. AEL failed to provide proper overtime compensation to its employees, ignoring the requirements of laws including Indiana Code § 22-2-2-4(k); Illinois Compiled Statute § 105/4a; and West Virginia Code, § 21-5C-3.

28. Buchta and all other similarly situated individuals were not exempt from the overtime requirements imposed by laws including Indiana Code § 22-2-2-4(k); Illinois Compiled Statute § 105/4a; and West Virginia Code, § 21-5C-3.[1]

29. AEL's actions of failing to pay Buchta and the putative class members properly for all hours worked over forty (40) in a week at one-and-one-half times the individual's rate of pay constitutes a clear violation of laws including Indiana Code § 22-2-2-4(k); Illinois Compiled Statute § 105/4a; and West Virginia Code, § 21-5C-3.

30. Such action constitutes a failure to compensate the plaintiffs for their overtime hours which proximately caused them to suffer economic harm.

31. Pursuant to Indiana Code § 22-2-5-2, the plaintiffs are entitled to compensatory damages, an additional amount equal to two times the amount of wages

---

[1] *See, e.g., Day v. Air Methods Corporation,* No. CV 5: 17-183-DCR, 2017 WL 4781863, at *1 (E.D. Ky. Oct. 23, 2017), where the Eastern District of Kentucky held that an air medical ambulance service was required to follow the provisions of the Kentucky Wage and Hour Act, KRS Chapter 337.

due, attorneys' fees, pre-judgment and post-judgment interest, and an award of punitive damages against AEL.

32. Pursuant to 820 Illinois Compiled Statute § 105/12(a), the plaintiffs are entitled to compensatory damages, an additional two percent (2%) of amount of wages due per month that the wage is unpaid, attorneys' fees, pre-judgment and post-judgment interest, and an award of punitive damages against AEL.

33. Pursuant to West Virginia Code, § 21-5C-8, the plaintiffs are entitled to compensatory damages, attorneys' fees, pre-judgment and post-judgment interest, and an award of punitive damages against AEL.

## COUNT TWO:
## UNJUST ENRICHMENT

34. Buchta adopts by reference all preceding and subsequent averments as fully restated herein.

35. Buchta and all other similarly situated individuals are entitled to correct payment of wages.

36. AEL has been unjustly enriched by utilizing Buchta and the putative class members' services without providing the required compensation earned by and owed to the plaintiffs.

37. As a direct and proximate result of AEL's unjust enrichment, the plaintiffs have been damaged, in large part by fraud, in an amount which exceeds the jurisdictional minimum of this Court.

## CONCLUSION

**WHEREFORE**, the plaintiffs respectfully request that this Court:

A. Certify this action as a class action under Federal Rule of Civil Procedure 23;

B. Enter judgment against AEL, granting the plaintiffs and the putative class members all available damages to the fullest extent of the law;

C. Award costs herein expended including an award of reasonable attorneys' fees;

D. Trial by jury; and,

E. Provide such other legal and equitable relief to which they may be entitled.

Respectfully Submitted,

COWAN LAW OFFICE, PLC

 \s\ J. Robert Cowan
J. Robert Cowan, Esq., #85325KY
2401 Regency Road; Suite 300
Lexington, Kentucky 40503
Telephone: 859.523.8883
Facsimile: 859.523.8885
Email: kylaw@cowanlawky.com

AND

ARNOLD & MILLER, PLC

 \s\ Charles W. Arnold
Charles W. Arnold, Esq.*
Christopher D. Miller, Esq.*
401 West Main Street; Suite 303
Lexington, Kentucky 40507
Telephone: 859.381.9999
Facsimile: 859.389.6666
Email: carnold@arnoldmillerlaw.com
Email: cmiller@arnoldmillerlaw.com

COUNSEL FOR PLAINTIFFS

*Applications for admission Pro Hac Vice are forthcoming