**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DARRIN BUCHTA, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:19CV00976 SRC |
| | ) | |
| AIR EVAC EMS, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Air Evac EMS, Inc.'s Motion to Dismiss [8]. The Court grants, in part, and denies, in part the motion.

## I.  BACKGROUND

Plaintiff Darrin Buchta filed a complaint in this matter on April 24, 2019, asserting Defendant Air Evac EMS, Inc. d/b/a Air Evac Lifeteam ("Air Evac") violated Indiana, Illinois, and West Virginia laws regulating overtime wages. Air Evac is an air ambulance company providing air medical transport services to rural areas. Buchta alleges that Air Evac required flight paramedics, flight nurses, pilots, and mechanics to routinely work more than forty hours per week, but did not compensate these employees at one and one-half times their regular rate for all hours worked over forty in a week. Buchta filed the complaint on behalf of himself and other similarly situated Air Evac employees. Buchta asserted the following counts in his complaint: (1) Violations of State Wage and Hour Laws including Indiana, West Virginia, and Illinois; and (2) Unjust Enrichment. Air Evac filed the pending motion to dismiss asserting Buchta's claims should be dismissed pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6).

## II. STANDARD

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court must liberally construe a complaint in favor of the plaintiff[.] *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual

allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

**III. DISCUSSION**

In its motion, Air Evac asserts five arguments. First, it argues the Court lacks subject matter jurisdiction over Buchta's Indiana and West Virginia wage law claims. Second, Air Evac claims Buchta fails to state a claim under Indiana law because Air Evac is exempt from Indiana wage laws. Third, Air Evac argues Buchta fails to state a claim under West Virginia law because Buchta is exempt from West Virginia wage laws. Fourth, Air Evac asserts Buchta fails to plead any overtime hours were worked in the state of Illinois, thus, he cannot recover under the Illinois minimum wage law. Finally, Air Evac argues Buchta's unjust enrichment claim must be dismissed if the Court dismisses the Illinois wage law claims.

*A.    Indiana Wage Law Claims*

Air Evac asserts it is exempt from Indiana wage laws and consequently, these claims should be dismissed. Buchta concedes Air Evac is exempt and agrees the claims should be dismissed. The Court dismisses all claims against Air Evac under Indiana wage laws.

*B.    West Virginia Wage Law Claims*

Air Evac asserts it is exempt from West Virginia wage law claims and the Court lacks subject matter jurisdiction over Buchta's West Virginia wage law claims because Buchta never worked in West Virginia and lacks standing to sue on his own behalf or on behalf of a class of West Virginia employees. Buchta concedes pilots are exempt from West Virginia wage laws but argues clinical employees, such as flight nurses and paramedics, are subject to the state's requirements.

West Virginia's minimum wage law states: "'Employee' includes any individual employed by an employer but shall not include . . . (17) any employee with respect to whom the United States Department of Transportation ("DOT") has statutory authority to establish qualifications and maximum hours of service." W. Va. Code § 21-5C-1(f)(17) (2019).[1] Buchta seeks to bring claims under West Virginia law on behalf of a class of flight paramedics, flight nurses, pilots, and mechanics. ECF No. 1, ¶ 8. The Federal Aviation Administration ("FAA"), a subdivision of the DOT, has authority to prescribe "regulations in the interest of safety for the maximum hours or periods of service of airmen and other employees of air carriers[.]" 49 U.S.C. §§ 106(a), 44701(a)(4). The statute defines "airman"[2] as an individual:

> (A) in command, or as pilot, mechanic, or member of the crew, who navigates aircraft[3] when under way;
>
> (B) except to the extent the Administrator of the [FAA] may provide otherwise for individuals employed outside the United States, who is directly in charge of inspecting, maintaining, overhauling, or repairing aircraft, aircraft engines, propellers, or appliances; or
>
> (C) who serves as an aircraft dispatcher or air traffic control-tower operator.

49 U.S.C. § 40102(a)(8).[4] The definition of "airman" includes pilots and mechanics. Thus, the DOT has the statutory authority to establish qualifications and maximum hours of service for pilots and mechanics.

The DOT also created regulations for "flight crewmembers."[5] Regulations restrict a flight crewmember to certain maximum hours of service including 1,200 in any calendar year, 120

---

[1] Prior versions of the statute contain the same exemption. W. Va. Code § 21-5C-1(f)(17) (1999-2019),
[2] "Words importing the plural include the singular" and "words importing the singular include and apply to several persons, parties or things." 1 U.S.C. § 1.
[3] The statute defines "aircraft" as "any contrivance invented, used, or designed to navigate, or fly in, the air." 49 U.S.C. § 40102(a)(6).
[4] The general definitions outlined in 49 U.S.C. § 40102 refer to Part A of Subtitle VII of Title 49. This includes statutes 49 U.S.C. § 40101 through 49 U.S.C. § 46507.
[5] These regulations apply to "certificate holders." In a declaration attached to the motion to dismiss, Air Evac President Seth Myers states it operates under Part 135 of the Federal Aviation regulations and has been issued a

hours in any calendar month, and 34 hours in any seven consecutive days. 14 C.F.R. § 135.265(a). More specifically, DOT regulations restrict maximum hours of service for flight crewmembers of helicopter hospital emergency medical evacuation services. 14 C.F.R. § 135.271. The regulation limits those flight crewmembers to 500 hours in any calendar quarter, 800 hours in any two consecutive calendar quarters, and 1,400 hours in any calendar year. 14 C.F.R. § 135.271(a). That section is in subchapter G of Title 14 of the Code of Federal Regulations. In turn, 14 C.F.R. §1.1 supplies the definitions for, among others, subchapter G; the regulation defines "Crewmember" as "a person assigned to perform duty in an aircraft during flight time." 14 C.F.R. § 1.1.

Neither the applicable statutes nor regulations defines "duty," so the Court must resort to the common or dictionary meaning of the term. *Johnson v. United States*, 559 U.S. 133, 138 (2010) (When the statute does not define a word, "we [] give the phrase its ordinary meaning."); *see also Von Weise v. Comm'r of Internal Revenue*, 69 F.2d 439, 441 (8th Cir. 1934) ("One of the cardinal rules of construing statutes is that the words used are given their common, ordinary meaning . . . but if a definition of the word is given in the statute, that definition is controlling."). Webster's Third New International Dictionary defines "duty" as "obligatory tasks, conduct, service, or functions enjoined by order or usage according to rank, occupation, or profession." *Duty*, Webster's Third New International Dictionary 705 (2002).

The complaint does not include any facts regarding the role of flight paramedics and nurses in the aircraft during flight time. Therefore, the Court cannot determine, at this time, whether flight paramedics and flight nurses are "assigned to perform duty in the aircraft during flight time[]" within the meaning of 14 C.F.R. § 1.1, and consequently, if they are exempt from

---

certificate by the FAA to operate as an air carrier. ECF No. 9-1. The Court refers to the declaration only to determine which regulations, if any, apply to Air Evac.

West Virginia wage laws. The Court dismisses only the claims under West Virginia law as to pilots and mechanics.

Air Evac also argues Buchta lacks standing to sue on his own behalf and on behalf of the class under West Virginia wage laws because he never worked in West Virginia. Federal courts are split on the issue of standing challenges in class actions.

Article III of the Constitution "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by favorable judicial decision." *Id*. A class action does not change the standing analysis because named plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purpose to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996).

The split among the federal courts as to standing in class actions arises from two Supreme Court decisions: *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) and *Ortiz v. Fireboard Corp.*, 527 U.S. 815 (1999). In *Amchem Products*, the district court certified a class action of plaintiffs who were exposed to asbestos by the defendants. 521 U.S. at 597-608. Members of the class objected to the adequacy of class representation and argued certain claimants lacked standing to sue because they had not yet suffered an injury. *Id*. The Supreme Court held that addressing the requirements of Rule 23 before Article III standing was appropriate. *Id*. at 612. "We agree that the class certification issues are dispositive; because their resolution here is logically antecedent to the existence of any Article III issues, it is appropriate

to reach them first." *Id*. (citations, quotations, and alterations omitted). In *Ortiz*, also an asbestos settlement case, the Supreme Court again applied the same logic, observing that in cases where class certification issues are "logically antecedent to Article III concerns and themselves pertain to statutory standing" then Rule 23 issues should be addressed first. 527 U.S. at 831.

Federal courts are split as to how to apply *Amchem* and *Ortiz*. The Eighth Circuit has not weighed in on the subject. Several district courts held named plaintiffs did not have standing for claims under the laws of states to which they have no connection, *i.e.*, the plaintiff never worked, resided, or did business in the state. *Stone v. Crispers Restaurants, Inc.*, No. 6:06-CV-1086-Orl-31KRS, 2006 WL 2850103 (M.D. Fla. Oct. 3, 2006) (Finding the plaintiff never worked in any state other than Florida so he lacked standing to bring wage claims under the laws of Alabama, Georgia, South Carolina, or Tennessee.); *Parks v. Dick's Sporting Goods, Inc.*, No. 05-CV-6590 CJS, 2006 WL 1704477 (W.D. N.Y. Jun. 15, 2006) (Finding the plaintiff lacked standing to assert state-law claims arising under the laws of other states than New York because he was never employed by the defendant anywhere other than New York.); *In re HSBC Bank*, 1 F. Supp. 3d 34, 49-50 (E.D. N.Y. 2014) (Finding plaintiffs may only assert a state claim if a named plaintiff resides in, does business in, or has some other connection to the state.); *Smith v. Pizza Hut, Inc.*, No. 09-CV-01632-CMA-BNB, 2011 WL 2791331 (D. Colo. Jul. 14, 2011) (Addressing the standing issue prior to class certification and finding the plaintiff did not have standing to assert claims under the laws of states other than Colorado because the plaintiff never worked or resided in those other states.).

Other district courts have held the standing issue should not be addressed until after class certification, or that this is not a standing issue at all and should be addressed under Rule 23's commonality, typicality, and adequacy requirements. *Thomas v. U.S. Bank, N.D.*, No. 11-6013-

CV-SJ-SOW, 2012 WL 12897284 at *9 (W.D. Mo. Sept. 27, 2012) (Finding the decision on class certification was logically antecedent to a determination of standing and the "prudent course to address these issues is at the class certification stage"); *Le v. Kohl's Dep't Stores, Inc.*, 160 F. Supp. 3d 1096 (E.D. Wis. 2016) (Finding the plaintiff had standing to maintain a class action under the laws of states in which he does not and/or was injured.); *Dragoslavic v. Ace Hardware Corp.*, 274 F. Supp. 3d 578, 584 (E.D. Tex. 2017) (Finding where a plaintiff resides or suffers an injury has no impact on Article III standing and should be addressed under other doctrines.); *In re McCormick & Co., Inc.*, 217 F. Supp. 3d 124, 144 (D. D.C. 2016) (Finding it is more logical to consider plaintiffs' ability to raise other state-law claims as a question of commonality, typicality, and adequacy under Rule 23, rather than as a question of standing.); *Sheet Metal Workers Local No. 20 Welfare & Benefit Fund v. CVS Health Corp.*, 221 F. Supp. 3d 227, 236 (D. R.I. 2016) ("The trend in the First Circuit seems to be deferring the standing analysis to the class certification stage.").

The only circuit to approach the issue, although it did not address it directly, is the Seventh Circuit. In *Morrison v. YTB International, Inc.*, the plaintiffs alleged the defendant, YTB International violated the Illinois Consumer Fraud Act. 649 F.3d 533, 534 (7th Cir. 2011). The plaintiffs consisted of residents of Illinois and other states. *Id*. An issue arose as to the ability of the residents of other states to bring claims under the Illinois Consumer Fraud Act. The Seventh Circuit held the following:

> The district court's language was imprecise. There's no problem with standing. Plaintiffs have standing if they have been injured, the defendants caused that injury, and the injury can be redressed by a judicial decision. Plaintiffs allege that they were victims of a pyramid scheme that saddled them with financial loss, which YTB caused. The judiciary can redress that injury by ordering YTB to pay money to the victims. Nothing more is required for standing. If the Illinois Consumer Fraud Act law does not apply because events were centered outside Illinois, then plaintiffs must rely on some other state's law; this application of choice-of-law principles has

8

nothing to do with *standing*, though it may affect whether a class should be certified – for a class action arising under the consumer-fraud laws of all 50 states may not be manageable, even though an action under one state's law could be. That a plaintiff's claim under his preferred legal theory fails has nothing to do with subject-matter jurisdiction, unless the claim is so feeble as to be "essentially fictitious."

*Id*. at 536 (citations omitted). The Seventh Circuit further stated, "A federal court is the wrong forum when there is no case or controversy, or when Congress has not authorized it to resolve a particular kind of dispute. Other deficiencies in a plaintiff's claim concern the merits rather than subject-matter jurisdiction." *Id*.

Theses cases persuade the Court that Buchta has standing to bring claims on behalf of the class under West Virginia law and this issue is best addressed through the requirements of Rule 23. Buchta alleges he was injured, Air Evac caused the injury, and the injury can be redressed by a judicial decision. That's all that Article III standing requires. Thus, the Court dismisses, with prejudice, the claims under West Virginia law as to pilots and mechanics and denies Air Evac's motion to dismiss the claims under West Virginia law as to flight paramedics and flight nurses.

C. *Illinois Wage Law Claims*

Air Evac asserts two arguments as to why Buchta's Illinois wage law claims must be dismissed. First, Air Evac argues Buchta failed to plead any overtime hours were worked in the State of Illinois, as required by the Illinois wage law. Second, Air Evac argues Buchta's unjust enrichment claim must be dismissed because it is tied to the Illinois wage law claim.

The Illinois wage law statute states, "Except as otherwise provided in this Section, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed." 820 Ill. Comp. Stat. 105/4a. Buchta sufficiently pleads he worked overtime hours in Illinois. He alleges he was not

9

properly compensated for overtime hours worked, he was not compensated at a rate of 1 1\2 times the regular rate, he performed work in Illinois, and he was required to work in excess of forty hours per week. ECF No. 1, ¶¶ 9, 10, 13, 16. He also includes the relative time period of these allegations – April 24, 2014, through July 8, 2018. ECF No. 1, ¶ 20. These allegations state a claim under the Illinois wage law pursuant to FRCP 8, which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In support of its argument, Air Evac cites to *Hirst v. Skywest, Inc.*, which held that the plaintiffs failed to plead overtime pay claims under the Illinois wage law statute. No. 15 C 02036, 2016 WL 2986978 (N.D. Ill. May 24, 2016). The district court found that the plaintiffs failed to plead any facts showing they worked over 40 hours in one week and were not compensated at the appropriate rate because there were no allegations one plaintiff worked overtime, another plaintiff claimed she was paid at the appropriate overtime rate, and a third plaintiff alleged to "likely" have exceeded the 40 hours required under the statute. *Id*. at *8. Further, the district court stated some of the plaintiffs' allegations contradicted one another. *Id*. Finally, the district court held the plaintiffs must allege the hours were worked in Illinois, and did not do so. *Id*.

In this case, the allegations do not contradict one another, and Buchta has alleged he worked in Illinois, worked more than 40 hours a week, and was not adequately compensated as required by Illinois law. Buchta is not required to plead the specific weeks he worked overtime. *See Eduarte v. Sliccily Pizza Pub, Inc.*, No. 18 C 3489, 2019 WL 2772528 at *3 (Jul. 2, 2019) (citing several cases holding allegations of specific dates worked not necessary to sufficiently plead a claim) (finding a plaintiff need not allege more than the months he worked and that the employer routinely required him to work overtime). Thus, Buchta's complaint includes sufficient

allegations to plead a claim under Illinois wage laws and satisfies the plausibility standard of *Iqbal* and *Twombly*.

Air Evac's argument Buchta's unjust enrichment claim must be dismissed is predicated on the Court dismissing Buchta's Illinois wage law claims. Because the Court did not dismiss Buchta's Illinois wage law claims, it will not dismiss his unjust enrichment claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Air Evac EMS, Inc.'s Motion to Dismiss [8] is **GRANTED, in part,** and **DENIED, in part**.

So Ordered this 18th day of September, 2019.

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**