# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARRIN BUCHTA, on behalf of himself And all other similarly-situated, ) ) ) **Plaintiffs,** ) ) v. ) ) AIR EVAC EMS, INC., D/B/A AIR EVAC ) LIFETEAM, ) ) **Defendant.** ) | Case No. 4:19-cv-976-SRC |

## DEFENDANT'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS

Defendant Air Evac EMS, Inc. ("AEL" or "Defendant") submits the following statement of uncontroverted material facts in support of its Motion for Summary Judgment:

**General Background on AEL**

1. AEL is an air ambulance company providing air medical transport services to critically ill or injured patients in medically underserved rural areas. *See* Declaration of Seth Myers ¶ 4, attached hereto as Exhibit A.

2. AEL operates under Part 135 of the Federal Aviation Regulations ("FARs"), 14 C.F.R. § 135, *et seq.*, pursuant to a license issued by the Federal Aviation Administration ("FAA") authorizing it to operate as an air carrier. *Id.*, ¶ 5, and Dec. Ex. 1.

3. AEL has a license to operate under Part 298, 14 C.F.R. Part 298, as an air taxi operator. *Id.*, ¶ 5, and Dec. Ex. 2.

4. AEL's Part 135 Certification has been in effect continuously since February 13, 1986. *Id.*, ¶ 6.

5. Pursuant to its Part 135 Certificate, AEL is "authorized to operate as an air carrier and conduct common carriage operations in accordance with [the FAA]." *Id.*, ¶ 7.

6. The aircraft utilized by AEL in providing air ambulance services is helicopters. *Id.*, ¶ 8.

**The Duties and Pay of AEL Flight Nurses and Flight Paramedics**

7. The flight crew for an AEL air ambulance consists of a pilot, one flight paramedic, and one flight nurse. All three of these positions are assigned to perform duties in the aircraft during flight time. *Id.*, ¶ 9.

8. The duties of AEL flight paramedics and flight nurses include providing advanced life support care to critically injured or ill patients from initial contact and during flight time on the air ambulance until care is relinquished at the hospital. Ex. A, ¶ 10, and Dec. Exs. 3 and 4. Specifically, AEL flight paramedics and flight nurses are assigned to perform and do perform the following duties in the aircraft during flight time:

   a. providing life support care to the patient in the helicopter, including assessing and monitoring vital signs and mental status (a minimum of every 15 minutes or as patient condition dictates);

   b. preparing documentation relating to the care being provided to the patient in the helicopter;

   c. communicating with nurses, doctors and other medical professionals at a medical facility concerning the patient;

   d. communicating pertinent patient and aircraft safety information to the Communication Center; and

2

  e. providing pilot assistance during flight time, such as radio, navigational and visual observation activities, when needed.

Ex. A, ¶ 10, 12, and Dec. Exs. 3 and 4.

  9. The duties of AEL flight paramedics and nurses also include, but are not limited to: assisting in pre-mission liftoff checklists; conducting aircraft safety briefings as needed; complying with safety standards to assure safety of self, crewmembers, medical personnel, patients, bystanders, and equipment prior to liftoff; preparing billing forms; performing aircraft decontamination; re-filling oxygen; and completing and submitting flight records. Ex. A, ¶ 11, 12, and Dec. Exs. 3 and 4.

  10. AEL flight paramedics and flight nurses function as a medical flight crewmembers. Ex. A, ¶ 13-14, and Dec. Exs. 3 and 4.

  11. AEL flight paramedics, flight nurses, pilots, and mechanics begin their shift at the base to which they are assigned. Ex. A, ¶ 15.

  12. The services provided by AEL may include responding to a hospital, accident, or other event in a state different from the base at which the pilot, flight paramedic, and flight nurse are assigned. *Id.*, ¶ 16.

  13. Thus, in one trip, AEL pilots, flight paramedics, and flight nurses may take off in the air ambulance from the state where they are based, spend time in the airspace, land and spend time on the ground in another state, take off, spend time in the airspace, land and spend time on the ground in the state in which they are based. *Id.*, ¶ 17.

  14. AEL pilots, flight nurses, and flight paramedics assigned to an Illinois base will spend time in the airspace and/or on the ground in other states during work hours. *Id.*, ¶ 18.

15.     Prior to July 8, 2018, AEL paid its pilots, flight paramedics, flight nurses, and mechanics in Illinois and West Virginia overtime premiums after 84 hours in a two-week pay period. *Id.*, ¶ 19.

16.     On July 8, 2018, AEL began paying its pilots, flight paramedics, flight nurses, and mechanics in Illinois and West Virginia overtime premiums for time worked over 40 hours in a workweek, and has paid them that way since. *Id.*, ¶ 20.

**Plaintiff Darrin Buchta's Employment with AEL**

17.     Plaintiff Darrin Buchta began his employment with AEL on June 10, 2013, as a flight paramedic. *Id.*, ¶ 21.

18.     Plaintiff Darrin Buchta voluntarily resigned his employment with AEL on March 4, 2020. *Id.*, ¶ 21.

19.     From the beginning of his employment until on or about June 28, 2015, Plaintiff was based in Indiana.   From on or about June 28, 2015 until on or about October 2, 2016, Plaintiff worked in Kentucky, and from on or about October 2, 2016 until on or about July 9, 2017, Plaintiff worked in Missouri.  From July 9, 2017 until his voluntary resignation on March 4, 2020, Plaintiff was employed by AEL in Illinois. *Id.*, ¶ 22-24.

20.     Plaintiff Darrin Buchta has never been employed by AEL in West Virginia. *Id.*, ¶ 25.

**Plaintiff Darrin Buchta Settled and Released His Claims in this Case as a Class Member in the *Peck* Settlement**

21.     On October 15, 2018, Jason Peck filed a lawsuit against AEL in the Fayette Circuit Court, Commonwealth of Kentucky alleging pilots, flight paramedics and flight nurses were not paid overtime in accordance with Kentucky wage laws. *See Peck v. Air Evac EMS, Inc.*, 5:18-cv-00615-DCR, [Doc. No. 1-1].

4

22. On November 19, 2018, AEL removed the *Peck* lawsuit to the United States District Court for the Eastern District of Kentucky. *See Peck v. Air Evac EMS, Inc.*, 5:18-cv-00615-DCR, [Doc. No. 1].

23. Jason Peck on behalf of himself and on behalf of a class of similarly situated individuals ("Settlement Class Members") and AEL executed a settlement agreement, which was signed by Peck on April 19, 2019, AEL on April 22, 2019, and by Plaintiffs' counsel on April 24, 2019. *See Peck v. Air Evac EMS, Inc.*, 5:18-cv-00615-DCR, [Doc. No. 20-2].[1]

24. Plaintiff Darrin Buchta is a Settlement Class Member in the *Peck v. Air Evac EMS, Inc.* lawsuit and settlement, and he is on the list of persons to receive a check from the Settlement Administrator. Ex. A, ¶ 26; *see also Peck v. Air Evac EMS, Inc.*, 5:18-cv-00615-DCR, [Doc. Nos. 42, 46, 47].

25. Peck and Buchta are represented by the same counsel. *See* Doc. No. 1; *Peck v. Air Evac EMS, Inc.*, 5:18-cv-00615-DCR, [Doc. No. 1-1].

26. The release provision in the *Peck* settlement agreement provides as follows:

> 33. **Release By Settlement Class Members.** In exchange for the consideration provided herein, **the Settlement Class Members, including Named Plaintiff, hereby release any and all claims they have or may have against the Released Parties arising out of or relating to the manner in which they were compensated by the Released Parties up to the date they sign the Agreement**.[2] They also agree to release the Released Parties from any and all claims they have or may have against the Released Parties arising out of or relating to any (1) failure to pay overtime; (2) failure to pay wages; (3) unjust enrichment, (4) Kentucky revised Statutes, and/or (5) any claim that was or could have been asserted in the Action. By entering into this release, it means that they forever release and settle

---

[1] For the Court's convenience, a copy of the Settlement Agreement filed and approved in the *Peck* case is attached hereto as Exhibit B.

[2] The Settlement Class Members did not all sign the Agreement. Paragraph 86 of the Agreement specifically provides: "**Not All Class Member Signatures Are Required.** Because the eligible Class Members are numerous, it is impossible or impractical to have each one execute this Agreement. Signatures of the Named Plaintiff shall bind all Class Members. The Notice of Settlement will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Agreement were executed by each Class Member."

5

>each and all of the Released Claims described in this paragraph and each of the claims pursued in the Action, and that they forego any right to recover any wages, overtime wages, interest, penalties, civil penalties, and/or entitlement to reimbursement. Further, the Released Claims include all claims made in the Action. This release also means they cannot and will not pursue any remedies in the Action. They also agree that this release of the Released Claims extends not only to AEL, but also to its subsidiaries, related companies, parents, successors, assigns, current and former managers, employees, owners, officers, directors, and agents. If any term or provision of the Agreement is determined to be unenforceable, they agree that the remaining terms will remain binding and in full force and effect.

*See Peck v. Air Evac EMS, Inc.*, 5:18-cv-00615-DCR, [Doc. No. 20-2].

27. On April 24, 2019, Peck filed a Motion for Class Certification and Preliminary Approval of Class Action Settlement. *See Peck v. Air Evac EMS, Inc.*, 5:18-cv-00615-DCR, [Doc. No. 20].

28. On April 24, 2019, after filing the Motion for Class Certification and Preliminary Approval in *Peck*, Plaintiff filed this lawsuit on behalf of himself and others similarly situated alleging violations of Illinois, Indiana, and West Virginia wage laws. [Doc. # 1].

29. On July 17, 2019, the Court granted Plaintiff's Motion for Class Certification and Preliminary Approval of Class Action Settlement and preliminarily approved settlement in the *Peck* case. *See Peck v. Air Evac EMS, Inc.*, 5:18-cv-00615-DCR, [Doc. No. 24].

30. On August 8, 2019, Notice Packets were mailed to the Class Members. *See* Declaration of Lisa Pavlik with Notice, attached hereto as Exhibit C.

31. The Notice of Class Action Settlement that was sent to Settlement Class Members provides as follows:

>**A.  Released Rights and Claims**
>Upon the final approval by the Court of the Settlement, all Class Members who do not submit a valid and timely Opt-Out Statement (as described below) agree to release any and all claims they have or may have against AEL, and their past and present subsidiaries, related companies, affiliates, parents, predecessors or successors, assigns, current and former officers, directors, shareholders, employees,

6

> attorneys, agents, insurers, and re-insurers, heirs and estates (the "Released Parties") arising out of or relating to the manner in which they were compensated by the Released Parties up to (the date of preliminary approval). They also agree to release the Released Parties from any and all claims they have or may have against the Released Parties arising out of or relating to any (1) failure to pay overtime; (2) failure to pay wages; (3) unjust enrichment; and/or Kentucky Revised Statutes, including but not limited to KRS 337.285 *et. seq.* By participating in this Settlement, it means that they forever release and settle each and all of the claims described in this paragraph and each of the claims pursued in the lawsuit, and that they forego any right to recover any wages, interest, penalties, civil penalties, and/or entitlement to reimbursement.

*Id.*

32. In order to opt out of the *Peck* settlement, Settlement Class Members had to send an Opt-Out Statement to the Settlement Administrator by September 7, 2019. *Id.*

33. One individual, Caleb Michael Ensley, opted out of the *Peck* settlement. Buchta did not opt out of the *Peck* settlement. *Id.*; Ex. A, ¶ 27.

34. On September 30, 2019, Plaintiff's counsel filed Plaintiffs' Unopposed Motion for Final Class Certification and Approval of Class Action Settlement. *See Peck v. Air Evac EMS, Inc.*, 5:18-cv-00615-DCR, [Doc. No. 28].

35. The Final Fairness Hearing was held on January 17, 2020, and the Court issued its Memorandum Opinion and Order approving the Settlement Agreement and its Final Judgment on January 21, 2020. *See Peck v. Air Evac EMS, Inc.*, 5:18-cv-00615-DCR, [Doc. Nos. 35-37].

36. On February 19, 2020, Peck filed an Emergency Motion for Interpretation of Settlement Agreement and Clarification of Judgment asking the Court to find that the *Peck* settlement release applied only to Kentucky laws, and would not preclude Buchta from pursuing his claims in this case; Defendant filed its Opposition on February 21, 2020; and Plaintiff filed his Reply on February 23, 2020. *See Peck v. Air Evac EMS, Inc.*, 5:18-cv-00615-DCR, [Doc. Nos. 42, 46, 47].

37. On February 24, 2020, the Court held a hearing on Peck's Emergency Motion and denied the motion, holding that the Court lacked jurisdiction to resolve the dispute. *See Peck v. Air Evac EMS, Inc.*, 5:18-cv-00615-DCR, [Doc. No. 49].

38. AEL has fully funded the settlement agreement in *Peck* by wiring the full amount owed to the Settlement Administrator. Ex. A, ¶ 28.

**Ian Carroll's Employment with AEL**

39. Ian Carroll began his employment with AEL on February 16, 2009 as a flight paramedic, and is currently employed by AEL. Ex. A, ¶ 29.

40. On October 15, 2017, Ian Carroll became a flight nurse with AEL. Ex. A, ¶ 30.

41. From his date of hire until present, Ian Carroll has been employed by AEL in West Virginia. Ex. A, ¶ 31.

42. Ian Carroll has never been employed by AEL in Illinois. Ex. A, ¶ 32.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*/s/ Rodney A. Harrison*
Rodney A. Harrison, #44566MO
Mallory S. Zoia, #70377MO
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
Telephone: 314.802.3935
Facsimile: 314.802.3960
rodney.harrison@ogletree.com
mallory.zoia@ogletree.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Court on the 19th day of March, 2020, which sent electronic notification to all counsel of record:

J. Robert Cowan, Esq.
Cowan Law Office, PLC
2401 Regency Road, Suite 300
Lexington, Kentucky 40503
kylaw@cowanlawky.com

Charles W. Arnold, Esq.
Christopher D. Miller, Esq.
Arnold & Miller, PLC
401 West Main Street, Suite 303
Lexington, Kentucky  40507
carnold@arnoldmillerlaw.com
cmiller@arnoldmillerlaw.com

Attorneys for Plaintiff

                              */s/ Rodney A. Harrison*
                              An Attorney for Defendant

42143801.1