UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARRIN BUCHTA, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-00976 SRC |
| | ) | |
| AIR EVAC EMS, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

**I.    BACKGROUND**

In April 2019, Buchta filed this class action against Air Evac, an air ambulance company that provides air medical transport services to rural areas, alleging Air Evac failed to pay pilots, mechanics, flight nurses, and flight paramedics overtime pay in Illinois, Indiana, and West Virginia.  On a motion to dismiss, the Court dismissed all of Buchta's Indiana claims and his West Virginia claims as to pilots and mechanics.  Buchta now seeks to certify a class and Air Evac moves for summary judgment on the remainder of Buchta's claims.  Two potential plaintiffs also move to intervene.  The Court denies the Motions to Intervene, grants Air Evac's Motion for Summary Judgment, and denies Buchta's Motion for Class Certification as moot.

**II.    MOTIONS TO INTERVENE**

Before addressing the Motion for Summary Judgment and Motion for Class Certification, the Court must address two Motions to Intervene.  Buchta and potential plaintiff Ian Carroll filed the first motion on February 21, 2020, one day after the close of discovery and 28 days before the deadline for motions for class certification and summary judgment.  Carroll seeks to intervene to represent putative class members who worked in West Virginia.  Buchta and

Michael Burford filed the second motion to intervene on May 8, 2020.  Burford seeks to intervene to represent putative class members who worked in Illinois in case the Court dismisses Buchta's claims on summary judgement.

Federal Rule of Civil Procedure 24 governs when a person may intervene; whether a person moves for intervention of right or for permissive intervention, the person must file the motion "timely[.]"  Fed. R. Civ. P. 24(a), (b); *see also NAACP v. New York*, 413 U.S. 345, 365 (1973).  The court must decide timeliness as a threshold issue before determining if a party may intervene.  *NAACP*, 413 U.S. at 365.  Four factors are relevant to a determination of timeliness: (1) how far the litigation had progressed at the time of the motion; (2) the prospective intervenor's prior knowledge of the pending action; (3) the reason for delay in seeking intervention; and (4) the likelihood of prejudice to the parties in the action from the delay in seeking intervention.  *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010); *see also ACLU of Minn. v. Tarek ib Ziyad Academy*, 643 F.3d 1088, 1094 (8th Cir. 2011).  The Court must consider all of the factors when deciding timeliness.  *Ritchie Special Credit Invs., Ltd.*, 620 F.3d at 832.  Considering all four factors, the Court concludes both motions were untimely.

### A.    Progress of the Litigation

When Carroll filed his motion, in February, this case had significantly progressed. Buchta filed this case in April 2019, the parties had conducted substantial motion practice on Air Evac's motion to dismiss, and at the time of Carroll's motion, discovery had closed and the dispositive-motion deadline loomed.  At the time of Burford's motion, in May, Air Evac had filed its motion for summary judgment, Buchta had filed his motion for class certification, and Air Evac had responded.  Substantial litigation has occurred in this case.

2

### B.      Prospective Intervenor's Prior Knowledge

According to Carroll's motion, Carroll learned of this case when he heard from a former Air Evac employee about a settlement in a similar action against Air Evac in Kentucky.  Upon learning of the settlement, Carroll "immediately" reached out to Buchta's counsel to represent him.  According to Burford's motion, Burford "recently" found out about the case from a former Air Evac employee and he "immediately" reached out to Buchta's counsel.  While counsel surely had the information, neither motion states when Carroll or Burford contacted Buchta's counsel, and the affidavits omit any mention of when these actions took place.  These shortcomings in the motion papers leave the Court unable to determine when Carroll or Burford acquired knowledge of the action.

### C.      Reason for Delay

In his motion, Carroll states he is moving to intervene now to protect the West Virginia putative class's interests if the Court determines Buchta is not an adequate class representative for the West Virginia class, as Buchta never worked in West Virginia.  Air Evac originally raised this issue in its motion to dismiss, challenging Buchta's standing to bring the West Virginia claims.  The Court held it was not an issue of standing but an issue best addressed through the requirements of Rule 23.  The motion papers also do not reveal when Carroll learned of this issue.

In Burford's motion, he states he is now moving to intervene in case the Court dismisses Buchta's Illinois claims due to a prior class action settlement with Air Evac in Kentucky, of which Buchta was a class member.  Air Evac originally raised the issue of a possible settlement as an affirmative defense in its answer and then raised the Kentucky settlement specifically in its

supplemental responses to Buchta's discovery requests.  The motion papers similarly do not reveal when Burford learned of this issue.

### D. Likelihood of Prejudice

Air Evac is prejudiced by the motions to intervene filed so late in the litigation. Essentially, the Court will have to hit the proverbial reset button and re-start this case from the beginning.  The Court will need to reopen discovery, with time for both written and oral discovery, and the parties will need to file new motions for summary judgment and class certification.  Air Evac will have to redo most, if not all, of the work it has already done.  This will result in significant prejudice to Air Evac.  *See U.S. Bank Nat. Ass'n v. State Farm Fire & Cas. Co.*, 765 F.3d 867, 870 (8th Cir. 2014) ("It was reasonable for the court to think the parties could be prejudiced by having to cover the same ground again.").

Considering all four factors, the Court finds the motions to intervene are untimely. Because the Court finds the motions are untimely, it need not consider whether Carroll and Burford may intervene as of right or by permissive intervention.  *Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1257 (D.C. Cir. 1999) (citing *NAACP*, 413 U.S. at 369).  The Court now turns to Air Evac's Motion for Summary Judgment

## III. SUMMARY JUDGMENT

### A. Undisputed Facts

Before reciting the undisputed facts in this case, the Court must first address Buchta's response to Air Evac's statement of material facts.  In his response, Buchta does not respond to each of Air Evac's statements of material fact.  Instead, he disputes items seven and eight, and then refers to numerous federal statutes and regulations, and state statutes; he then argues about what those statutes and regulations require.  Federal Rule of Civil Procedure 56(c)(1) requires a

4

party disputing a fact to support the assertion by citing to particular parts of materials in the record.  This court's Local Rule 4.01(E) requires a party to cite to specific parts of the record for each fact it asserts is in dispute.  It further states that, "All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."

Buchta's response requires the Court to hunt through his arguments to determine if he cites to any specific part of the record to create a genuine issue of material fact.  Because Buchta has not complied with Rule 56 or this Court's Local Rules, the Court deems all of the facts in Air Evac's statement of material facts admitted.  *See Holloway v. Union Pacific R.R. Co.*, 762 Fed. App'x 350, 352 (8th Cir. 2019) ("In light of [plaintiff's] failure to comply with Rule 7-4.01(E), we conclude that the district court did not abuse its discretion by admitting [defendant's] statement of facts.").  Even if the Court considered Buchta's response, nothing in it disputes the asserted facts that the Court finds material.  The Court finds the following material facts undisputed.

Air Evac is an air ambulance company providing air medical transport services by helicopter to critically ill or injured patients in medically underserved rural areas.  Before July 2018, Air Evac paid its pilots, flight paramedics, flight nurses, and mechanics based in Illinois and West Virginia overtime premiums for every hour worked over 84 hours in a two-week pay period.  After July 2018, Air Evac began paying these employees overtime premiums for every hour worked over 40 hours in a workweek.

Buchta began his employment as a flight paramedic with Air Evac in June 2013.  He voluntarily resigned in March 2020.  From June 2013 until June 2015, Buchta worked at a base in Indiana.  From June 2015 until October 2016, Buchta worked in Kentucky, and from October

2016 until June 2017, he worked in Missouri.  Since July 2017 until his resignation, he worked in

Illinois.  Buchta never worked in West Virginia.

In 2018, Jason Peck filed a lawsuit against Air Evac in the Fayette Circuit Court,

Commonwealth of Kentucky, alleging Air Evac did not pay pilots, flight paramedics, and flight

nurses overtime in accordance with Kentucky wage laws.  Air Evac removed the lawsuit to

federal court.  In April 2019, Peck, on behalf of himself and on behalf of a class of similarly

situated individuals, and Air Evac executed a settlement agreement.

In April 2019, Peck filed a motion for class certification and preliminary approval of

class action settlement.  On the same day, after Peck filed his motion, Buchta filed this lawsuit

on behalf of himself and others similarly situated alleging violations of Illinois, Indiana, and

West Virginia wage laws.  The same counsel represents Peck and Buchta.  In Peck's case, the

court granted his motion for preliminary approval and notice packets were mailed to class

members.  These packets included a Notice of Class Action Settlement.  *See* Doc. 45-3, pgs. 6-

10.  The settlement administrator also set up a website that included all of the documents sent in

the notice packet.  To opt out of the settlement, class members had to send an opt-out statement

to the settlement administrator.  Buchta is a member of that settlement class and did not opt out

of the settlement.  He is on the list of persons to receive a check from the settlement

administrator.

In January 2020, the court in Peck's case held a final hearing and issued its memorandum

opinion and order approving the settlement agreement and its final judgment. In February, Peck

filed an emergency motion for interpretation of the settlement agreement asking the court to find

that the agreement applied only to Kentucky laws and would not prevent Buchta from pursuing

this case.  The court held a hearing and denied the motion, finding it lacked jurisdiction to resolve the dispute.  Air Evac paid the full amount of the settlement in Peck's case.

## B.    Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the initial burden of showing both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(c).

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  Self-serving, conclusory statements without support are insufficient to defeat summary judgment.  *Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993).  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## C.    Discussion

In its motion, Air Evac asserts the settlement agreement in the *Peck* case bars Buchta's claims because he was a class member who did not opt out of the settlement.  As the undisputed facts show, Jason Peck filed a similar lawsuit in Kentucky state court, later removed to federal court, alleging Air Evac did not pay its pilots, flight paramedics, and flight nurses overtime in accordance with Kentucky wage laws.  The parties reached a settlement agreement and the Court entered a final order and judgment approving the class action settlement.  Buchta was a class member, received notice of the settlement, and did not opt out of the settlement.

Air Evac argues that the release terms of that settlement agreement cover the claims asserted in this case.  Buchta contends Air Evac waived this argument by not asserting it in its answer and that the settlement agreement covers only claims arising under Kentucky law.

### i.    Waiver

Under Federal Rule of Civil Procedure 8(c), a failure to plead an affirmative defense generally results in a waiver of that defense.  *First Union Nat. Bank v. Pictet Overseas Trust Corp., Ltd.*, 477 F.3d 616, 622 (8th Cir. 2007).  The purpose of Rule 8(c) is to give the opposing party notice of the defense and a chance to rebut it.  *Id*.  Thus, the Eighth Circuit has "eschewed a literal interpretation of the Rule that places form over substance."  *Id*.  "When an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply with Rule 8(c) is not fatal."  *Id*. (quoting *Fin. Timing Publ'ns, Inc. v. Compugraphic Corp.*, 893 F.2d 936, 944 n.9 (8th Cir. 1990)).

In its answer, Air Evac asserted many affirmative defenses, including that "payment and release" bars Buchta's claims.  It did not assert a defense of "res judicata."  However, at the time Air Evac filed its answer, it could not have asserted an affirmative defense of "res judicata" because the *Peck* court had not yet entered a final judgment.  It did not enter final judgment until

January 2020, and Air Evac filed its answer in October 2019.  At the time it filed its answer, the parties in *Peck* had agreed to a settlement agreement; thus, Air Evac included as an affirmative defense "payment and release."

Air Evac also notified Buchta of its intent to raise this defense in its supplemental responses to Buchta's requests for admissions, interrogatories, and requests for production of documents.  In response to Buchta's interrogatory asking Air Evac to list all facts supporting its affirmative defense of "payment and release," Air Evac specifically stated, "Plaintiff Darrin Buchta's claims are barred by the settlement agreement as approved by the Court in *Peck v. Air Evac.*"  Doc. 55-1, pg. 2.

Whether calling it "res judicata" or "payment and release," the substance of Air Evac's defense put Buchta on notice that Air Evac intended to argue that the *Peck* settlement agreement bars Buchta's claims.  Therefore, the Court finds Air Evac has not waived its *Peck*-settlement-agreement affirmative defense.

### ii.    Extent of the Settlement Agreement

In determining whether the *Peck* settlement agreement bars Buchta's claims, the Court applies Kentucky law.  *See Follette v. Wal-Mart Stores, Inc.*, 41 F.3d 1234, 1237 (8th Cir. 1994) ("When a federal court is sitting in diversity, the preclusive effect of a prior judgment is determined by the preclusion rules of the forum which provided the substantive law underlying that prior judgment.").  Under Kentucky law, res judicata, or claim preclusion, prohibits "the relitigation of claims that were litigated or could have been litigated between the same parties in a prior action."  *Miller v. Admin. Office of Courts*, 361 S.W.3d 867, 871 (Ky. 2011).  For res judicata to apply, there must be an identity of parties and causes of action between the two cases and the prior action must have been decided on the merits.  *Id.* at 872.  Res judicata under federal

law requires the same.  *See Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990).  Here, the same

parties are involved in the two actions, Buchta, as a class member who did not opt out, and Air

Evac, and the prior action was decided on the merits.  *See In re Gen. Am. Life Ins. Co. Sales

Practices Litig.*, 357 F.3d 800, 803 (8th Cir. 2004) (applying res judicata where the prior action

was a class action settlement); *Thompson v. Edward D. Jones & Co.*, 992 F.2d 187, 190-91 (8th

Cir. 1993) (same); *see also* William B. Rubenstein, 6 Newberg on Class Actions § 18:19 (5th ed.)

("The process by which a class action settlement is approved has the effect of turning the private

settlement into a judicial ruling, a judgment.  Thus, in class actions, future litigation is always

governed by the doctrine of preclusion . . .").  Thus, the question here is whether Buchta's

claims were litigated or could have been litigated in the *Peck* case.

To determine whether a class action settlement bars subsequent claims by class members

who did not opt out, the Court looks to the terms of the final judgment as well as the language of

the settlement agreement.  *In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 357 F.3d at 803.  If

the final judgment and settlement agreement's terms encompass the claims in question, res

judicata may apply.  *Id*.  This includes claims an individual class member may have had, but

"knowingly chose to relinquish by remaining a member of the class."  *Thompson*, 992 F.2d at

190-91.  In class actions, to be bound by res judicata, the class member must also have received

adequate notice of the action and settlement.  *In re Gen. Am. Life Ins. Co. Sales Practices Litig.*,

357 F.3d at 804 (citing *Thompson*, 992 F.2d at 190).

The *Peck* settlement agreement includes the following release:

> In exchange for the consideration provided herein, the Settlement Class Members,
> including Named Plaintiff, hereby release any and all claims they have or may have
> against the Released Parties arising out of or relating to the manner in which they
> were compensated by the Released Parties up to the date they sign the Agreement.
> They also agree to release the Released Parties from any and all claims they have
> or may have against the Released Parties arising out of or relating to any (1) failure

> to pay overtime; (2) failure to pay wages; (3) unjust enrichment; (4) Kentucky revised Statutes; and/or (5) any claim that was or could have been asserted in the Action . . .

Doc. 45-2, pg. 5.  This language clearly encompasses Buchta's claims.  It covers any and all claims relating to the way Air Evac compensated a settlement class member, i.e. Buchta.  His claims in this case all relate to the manner in which Air Evac paid him.  Even if the allegations in the lawsuit itself only concerned claims under Kentucky law, the parties were free to negotiate, and the court was free to approve, a settlement agreement encompassing claims under the laws of other jurisdictions.  *See Thompson*, 992 F.2d 187, 191-92 (finding class action settlement agreement may bar claims outside the scope of the complaint); *see also In re Y& A Group Sec. Litig.*, 38 F.3d 380, 384 (8th Cir. 1994) (same).  Thus, Buchta released all claims related to his Air Evac compensation when he chose not to opt out of the class action settlement and to be bound by the settlement agreement.

Buchta received adequate notice of the settlement and its terms.  The Notice of Class Action Settlement sent to all class members included a section detailing the release terms the class members agreed to if they do not opt out.  Doc. 45-3, pg. 8.  The Court does not recite the language here but it tracks the language of the settlement agreement, while also advising class members that if they do not opt out, they agree to this release.  Buchta received proper notice, and could have opted out, but chose not to do so.  Thus, under the doctrine of res judicata, the order approving the *Peck* settlement agreement bars Buchta's claims.  The Court dismisses all of Buchta's claims.

Because Buchta is the sole class representative for each of the claims asserted in his Complaint, and his claims are barred, he cannot represent the class.  *See Great Rivers Co-op. of Southeastern Iowa v. Farmland Indus., Inc.*, 120 F.3d 893, 899 (8th Circuit 1997).  Without a

class representative, the Court cannot certify a putative class and its claims cannot survive.  *Id.*

Thus, the Court must, and does, dismiss the lawsuit in its entirety.  *Id*.

      Accordingly,

      **IT IS HEREBY ORDERED** that Plaintiff's Motion to Intervene [35] is **DENIED**.

      **IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify Class [42] is **DENIED**, as moot.

      **IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [43] is **GRANTED**.  The Court dismisses all the claims in this matter.

      **IT IS FURTHER ORDERED** that Plaintiff's Motion to Intervene [51] is **DENIED**.

      So Ordered this 10th day of August, 2020.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**